THE STATE OF MINNESOTA *vs.* LAWRENCE LALIYER.

Where the record of the trial of a cause has been settled by the Judge, upon the arguments of Counsel, he cannot, upon an after examination and upon his own motion, correct a mistake in the record so as to make it comply with the truth; but should call in both parties and allow them an opportunity to present their arguments upon the question of his proposed correction of the record.

In this case the record of the trial had been duly settled by the Judge of the court below, but he afterwards, upon a re-examination thereof, amended it so as to make it conform with the truth, without hearing the arguments of the counsel interested, and the record, so amended, was certified to this court. This motion is to strike out such amendments.

*By the Court*—FLANDRAU, J.  This case was tried below on the indictment, about the third day of October, 1859.  The counsel for the Defendant prepared a bill of exceptions and proposed the same to the District Attorney, who proposed amendments to the same.  The bill and the proposed amendments were then submitted to the Judge who tried the cause, and after hearing both counsel, the Judge settled the same on the 26th of November, 1859.  After such settlement the counsel for the Defendant had the bill as amended, engrossed, and a motion for a new trial was argued upon it and submitted to the court.  The filing of the engrossed bill, and the argument of the motion upon it, took place about the second day of December, 1859.  After this, and before the decision of the motion, the Judge conceiving that he had not settled the bill in accordance with the truth, made several corrections in the same on his own motion, and then decided the motion for a new trial on the bill as corrected, denying the same.  Whether the Judge was right in regard to the facts of the trial on the first settlement of the bill, or whether he made it conform to the truth more closely by his subsequent amendments, is immaterial on the consideration of this motion.  We presume he was actuated by the best of motives in making the changes. The point is, could he do so under any circumstances, without

giving the parties an opportunity to be heard on the bill after the alterations were made ? In a criminal case the District Attorney and Counsel for the Defendant, are not at liberty to waive anything for the State or Defendant, so as to bind the Judge in the making up of the record. The Judge in one sense represents all parties, and must see that the record is made to accord with the truth, and when the bill of exceptions is settled, he is supposed to have done so, and the parties base their arguments upon the questions as they are presented by the bill as settled. Should the Judge, even after the argument is closed, and the case submitted, find out that he was mistaken as to some point in the bill, he would not only have the right, but we think it would be his duty to see to it that the proper correction was made. But how ? If he could make them without notifying the parties, and then decide the motion upon the bill as corrected, he would be effectually deciding it without an opportunity being given to the Defendant to be heard in it at all, as the corrections made, might well change the whole aspect of the questions first argued, and present them in an entirely different light. We could never assent to such a power being exercised by a Judge over the records of his court, as it would lead (its least consequences being considered) to great uncertainty as to what a record is, and in some hands might be exceedingly dangerous to the rights of suitors. When upon an after examination the Judge ascertains that he has made a mistake in the settlement of the case or bill of exceptions and desires to correct it, he should call in both parties and allow them an opportunity to present their arguments upon the questions, as the new and corrected bill may present them.

We feel it our duty to uphold this rule, by striking out the amendments made by the Judge in this case after the settlement of the bill of exceptions and the submission of the case to him upon them.

Motion granted.